IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DERICK OKWAN,<br><br>  Plaintiff,<br><br>      v.<br><br>EMORY HEALTHCARE, INC.,<br>EMORY UNIVERSITY, and<br>HUI-KUO SHU,<br><br>  Defendants. | Civil Action No.<br>1:17-cv-02269-SDG |

**ORDER**

This matter is before the Court on the Final Report and Recommendation ("R&R") of United States Magistrate Judge Christopher C. Bly [ECF 47], which recommended that Defendants' motion for summary judgment [ECF 38] be granted. Plaintiff Derick Okwan timely filed objections to the R&R [ECF 49], to which Defendants replied [ECF 50].

After careful consideration of the record, Plaintiff's objections are overruled and Judge Bly's R&R is adopted in its entirety.

**I.   LEGAL STANDARD**

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and

must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. It may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290-92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

**II.     ANALYSIS**

Plaintiff asserts three objections to Judge Bly's R&R recommending that Defendants' motion for summary judgment be granted.

First, Plaintiff objects to Judge Bly's evidentiary ruling that declarations submitted from members of Emory University's Oncology Radiation Residency Program's Clinical Competence Committee ("CCC") can be considered as part of the record in ruling on Defendants' motion for summary judgment.[1] As a preliminary matter, the Court determines that the subject declarations (inclusive of their reference to patient complaints) are admissible, and do not constitute inadmissible hearsay as Plaintiff contends. These declarations are not being offered for the truth of the matter asserted but rather to demonstrate the declarants' state of mind.  Fed R. Evid. 803(3).

Further, as Judge Bly rightly points out, even if the declarations constitute inadmissible hearsay they can still be considered for purposes of ruling on a motion for summary judgment if the declarants are available to testify at trial or their declarations could be reduced to admissible evidence at trial. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293-94 (11th Cir. 2012). Plaintiff has offered no evidence to suggest that the declarants are unavailable to testify at trial or that their declarations could not be reduced to an admissible form for trial. Plaintiff's

---

[1]   ECF 49, at 3-5.

objections to the declarations are overruled.

Plaintiff's second objection to the R&R challenges its conclusion that Plaintiff failed to present sufficient evidence of race or national origin discrimination under a mixed-motives analysis.[2] Specifically Plaintiff argues that Judge Bly's R&R did not address the timing of the patient complaint that Dr. Godette perceived may have been motivated by the patient's bias in relation to the timing of Plaintiff's termination.[3] The Court disagrees, as Judge Bly addressed this head on and concluded that "even if the patient's complaint may have been motivated by bias," there is no evidence to support the notion that "the decisionmakers on the CCC were similarly biased such that race or national origin was a motivating factor in their decision."[4]

The Court agrees with Judge Bly's well-reasoned opinion. A mixed-motives analysis does not require the Court to transfer one patient's perceived bias against a plaintiff (even assuming, without sufficient evidence, that such bias is based on race or national origin) to the decision-makers who terminated the plaintiff's employment and then take the leap to assume that the patient's bias subsequently

---

[2]   *Id.* at 5-9.

[3]   *Id.* at 7.

[4]   ECF 47, at 26-27.

motivated the decision-makers' own independent termination decision. This is especially the case here, where there is absolutely no evidence that race or national origin played any motivating factor whatsoever in the decision to terminate Plaintiff. Plaintiff's objection in this regard is overruled.

Third, Plaintiff objects to Judge Bly's conclusion that Dr. Marchan, a white male of Puerto Rican descent, is not a valid comparator.[5] The Court agrees with Judge Bly's reasoning. Common sense dictates that someone who demonstrates performance issues sooner rather than later during his employ will be given correspondingly fewer opportunities to right the ship and improve. This is true in any employment setting—particularly one involving a medical residence program where providing high-quality patient care is tantamount. The fact that Plaintiff's performance issues began at a much earlier stage of his residency program than the performance issues of Dr. Marchan, coupled with the significant fact that Dr. Marchan never received any patient complaints (as opposed to Plaintiff, who was the subject of multiple patient complaints—the first resident in the program to ever receive multiple complaints), renders Dr. Marchan an invalid comparator to Plaintiff. Moreover, as Judge Bly correctly pointed out Dr. Marchan was ultimately

---

[5] ECF 49, at 9-10.

subjected to the same adverse employment action as Plaintiff so his usefulness as a comparator to aid Plaintiff's argument of discrimination based on race or national origin is a legal non-starter, in addition to being a factually distinct one. Plaintiff's objection is overruled.

### III.   CONCLUSION

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the Court has conducted a *de novo* review of those portions of the R&R to which Plaintiff objects and has reviewed the remainder of the R&R for clear error. The Court finds that Judge Bly's factual and legal conclusions are correct, and Plaintiff's objections are without merit. Therefore, the Court **ADOPTS** the entirety of Judge Bly's R&R [ECF 47] as the opinion of this Court. This case is dismissed with prejudice.

**SO ORDERED** this the 18th day of March 2020.

Steven D. Grimberg
United States District Court Judge